FILED

September 19 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0467

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 242N

McCONE COUNTY FEDERAL CREDIT UNION,

        Plaintiff and Respondent,

    v.

SHARON L. MAVITY, DONALD BAUE,
WILLIAM REHBEIN and ALLEN R. GROW,

        Defendants,

JULIE R. REHBEIN, JUANITA CARRANZA,
and A. MARGARET CARRANZA,

        Defendants, Counterclaimants and Appellants.

FILED

SEP 19 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DV 03-17
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        R. W. Heineman, Attorney at Law, Wibaux, Montana

    For Respondent:

        W. Scott Green, Patten, Peterman, Bekkedahl & Green, Billings, Montana
Lyle R. Panasuk, Attorney at Law, Sidney, Montana

Submitted on Briefs:  August 9, 2007

Decided:  September 19, 2007

Filed:

_____
        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants, Julie R. Rehbein, Juanita Carranza and A. Margaret Carranza (collectively referred to as Borrowers) appeal from an amended judgment entered in the Seventh Judicial District Court, Richland County, in favor of McCone County Federal Credit Union (Credit Union). The judgment orders foreclosure of a mortgage on real property owned by Rehbein, and entry of a deficiency judgment against both Carranzas in the event the proceeds from the sale on foreclosure are insufficient to satisfy the judgment. We affirm.

¶3 The Borrowers executed a Promissory Note for $186,425.48 to the Credit Union. The note was secured by a mortgage on real property owned by Rehbein, and by a security interest in all three of the Borrowers' livestock, machinery and vehicles. The Borrowers did not pay the note and it went into default.

¶4 Rehbein filed for bankruptcy, which resulted in Rehbein being personally discharged from the debt to the Credit Union. However, pursuant to the order of the bankruptcy court, the mortgage on Rehbein's real property remained a valid lien. Carranzas remained personally liable for the debt.

¶5     The District Court first ordered seizure and sale of the personal property securing the Promissory Note. The proceeds of the sale were insufficient to pay the loan. After sale of the personal property, the Credit Union sought foreclosure of its mortgage on Rehbein's realty.

¶6     Federal regulations require a credit union to charge off a loan that has been defaulted so that it is not shown as an asset. 12 C.F.R. § 702.402. The Credit Union charged off the loan in question and issued a Form 1099-C, which it sent to the United States Internal Revenue Service (IRS), Rehbein, and Juanita Carranza. The form indicated that the remaining debt had been canceled.[1] However, realizing its mistake, the Credit Union issued an Amended Form 1099-C stating that no portion of the debt had been cancelled. Borrowers cite to nothing in the record indicating they have suffered adverse tax consequences as a result of the initial Form 1099-C.

¶7     The District Court concluded that the debt was not canceled by the initial Form 1099-C. Thus, the District Court foreclosed the mortgage, ordered sale of the real property, and ordered that a deficiency judgment be entered against the Carranzas if the sale did not generate enough to pay the debt. The District Court also assessed attorney fees and costs. However, with the consent of the Credit Union, the District Court later entered an Amended Judgment vacating the award of fees and costs.

¶8     Borrowers appeal the District Court's judgment that the Borrowers' debt to the Credit Union was not canceled by the issuing of the initial Form 1099-C, and vacating the award of

---

[1] The Credit Union did not issue a Form 1099-C in regards to A. Margaret Carranza.

3

attorney fees and costs.

¶9 We review a district court's findings of fact to determine whether those findings are clearly erroneous. *Johnston v. Palmer*, 2007 MT 99, ¶ 26, 337 Mont. 101, ¶ 26, 158 P.3d 998, ¶ 26. We review a district court's conclusions of law to determine whether they are correct. *Johnston*, ¶ 26.

¶10 Though the Credit Union issued a Form 1099-C, it then issued an amended 1099-C within three months, and before tax filing deadlines. Borrowers' reliance on *Franklin Credit Mgt. v. Nicholas*, 73 Conn. App. 830, 812 A.2d 51 (2002) is misplaced. *Franklin* is inapposite to the facts presented. In *Franklin*, the defendant produced no evidence that a Form 1099-C was not intended to discharge the debt in question, or that the 1099-C had been issued by mistake. Here, the District Court found that the initial Form 1099-C was issued by mistake, and that the mistake was timely corrected. Substantial evidence supports these findings and they are not clearly erroneous.

¶11 The Credit Union's bookkeeping charge off is an accounting entry. The District Court did not err in concluding as a matter of law that the filing of the Form 1099-C did not cancel the debt.

¶12 It is not necessary to discuss an award of attorney fees and costs to the Credit Union as without objection the District Court amended its judgment vacating any award of fees and costs.

¶13 It is manifest on the face of the briefs and record before us that this appeal is without merit because the findings of fact are supported by substantial evidence, and the legal issues

4

are clearly controlled by settled Montana law that the District Court correctly applied.

¶14    Affirmed.

_____
                                    Justice

We Concur:

_____

_____

_____
                    Justices